STATE OF NORTH CAROLINA
v.
MARILYN ROPER TALLENT
No. COA08-359
North Carolina Court of Appeals.
Filed November 18, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General J. Aldean Webster III, for the State.
Janna D. Allison, for defendant-appellant.
TYSON, Judge.
Marilyn Roper Tallent ("defendant") appeals from judgments entered after a jury found her to be guilty of two counts of trafficking in methamphetamine by possession pursuant to N.C. Gen. Stat. § 90-95(h)(3b). We dismiss defendant's appeal.

I. Background
On 10 July 2006, defendant was placed on probation following a prior conviction for possession of methamphetamine with intent to sell and deliver. On 14 February 2007, law enforcement officers conducted an authorized search of defendant's house pursuant to the terms of her probation. During the search, officers discovered 34.45 grams of methamphetamine hydrochloride, packaged in clear plastic bags, contained in a bag hanging in the stairwell leading to the basement. The bag also contained a glass pipe, a straw, butane lighters, a metal vial, and one set of black digital scales. Defendant was arrested. A probation violation report was subsequently filed by defendant's probation officer. The report stated:
Special Conditions of probation; not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it, in that on 2-14-07, at approximately 9:00 P.M. this officer, along with officers from the Macon County Sheriff's office went to the defendant's place of residence at 316 Willis Cove Road, Franklin, and conducted a warrantless search. The defendant did possess one glass smoking pipe with a bowl-shaped end; eight, 2 x 2 clear plastic Ziploc type bags with crystal substance; two 2 1/2 by 2 1/2 clear plastic Ziploc type with crystal substance; one large sandwich size Ziploc type bag; one American flag bag, stars and stripes; seven small butane torches; one can of butane fuel.
On 2 April 2007, the Macon County Grand Jury returned an indictment charging defendant with trafficking in methamphetamine by possession, trafficking in methamphetamine by manufacture, and maintaining a dwelling for the keeping and selling of controlled substances.
At defendant's trial, the report alleging defendant's probation violation was read into evidence. Defendant testified that she admitted to violating her probation by possessing the substances and paraphernalia listed in the probation violation report at her probation violation hearing. Defendant further testified that when she made those admissions, she thought she wasonly admitting she knew she had been charged with those offenses, but was not also admitting to her possession of the methamphetamine. Defendant also stated that she was unaware that any amount of methamphetamine was located in her residence. At the time the drugs and paraphernalia were found, defendant's son lived in the basement of the house.
On 11 July 2007, the jury returned its verdict and found defendant guilty of trafficking in methamphetamine by possession and trafficking in methamphetamine by manufacture. The trial court sentenced defendant to two consecutive terms of a minimum of seventy months and a maximum of eighty-four months imprisonment and imposed fines totaling $100,000.00. Defendant appeals.

II. Issue
Defendant argues the trial court erred by denying her motion to dismiss at the close of the State's evidence based on insufficiency of the evidence.

III. Motion to Dismiss
Rule 10(b)(3) of the North Carolina Rules of Appellate Procedure states:
A defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action . . . at trial. If a defendant makes such a motion after the State has presented all its evidence and . . . the defendant then introduces evidence, his motion for dismissal . . . made at the close of State's evidence is waived. Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal.
A defendant may make a motion to dismiss the action or judgment as in case of nonsuit at the conclusion of all the evidence . . . . However, if a defendant fails to move to dismiss the action or for judgment as in case of nonsuit at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged.
N.C.R. App. P. 10(b)(3) (2008); see also State v. Farmer, 177 N.C. App. 710, 717-18, 630 S.E.2d 244, 249 (2006) ("Defendant failed to preserve for appellate review his assignment of error regarding the sufficiency of the evidence by failing to renew his motion to dismiss after offering evidence.").
The record shows defendant moved to dismiss all of the charges at the close of the State's evidence. However, defendant failed to move to dismiss the charges or renew her challenge to the sufficiency of the evidence following the close of all the evidence. Defendant has waived her right to appellate review of the denial of her motion to dismiss the action at the close of the State's evidence. N.C.R. App. P. 10(b)(3). This assignment of error is dismissed. Defendant's remaining assignments of error are not brought forward in her brief, and are deemed abandoned. N.C.R. App. P. 28(b)(6) (2008).

III. Conclusion
Defendant waived her assignment of error pertaining to the denial of her motion to dismiss when she failed to renew her motion at the close of all evidence. Defendant's appeal is dismissed.
Dismissed.
Judges BRYANT and ARROWOOD concur.
Report per Rule 30(e).